UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
NAOMI MISONZHNIK, on behalf of herself                      :  **MEMORANDUM DECISION**
and all other similarly situated consumers,                 :  **AND ORDER**
                                                            :
                              Plaintiff,                    :  17-cv-6683 (BMC)
            - against -                                     :
                                                            :
ALLTRAN FINANCIAL, LP,                                      :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X

**COGAN**, District Judge.

This case, brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., is before the Court on defendant's motion to dismiss. It arises from a collection letter which defendant sent to plaintiff on November 14, 2016. Defendant's motion is based on its claim that plaintiff failed to list her cause of action against defendant as an asset when she filed for bankruptcy on May 5, 2017. See In re Misonzhnik, No. 17-425516 (Bankr. E.D.N.Y.). She received her discharge on September 14, 2017, and commenced the instant action on November 15, 2017.

When plaintiff failed to respond to defendant's motion to dismiss, the Court granted the motion. Plaintiff then moved to vacate that order, attributing her failure to respond to "law office failure." The Court granted the motion to vacate, and has considered plaintiff's opposition to the motion to dismiss. The result remains the same.

"[F]ull disclosure by debtors is essential to the proper functioning of the bankruptcy system." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008). Accordingly, "the Bankruptcy Code severely penalizes debtors who fail to disclose assets: While

properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed." Id. "A debtor may not conceal assets and then, upon termination of the bankruptcy case, utilize the assets for its own benefit." Kunica v. St. Jean Fin., Inc., 233 B.R. 46, 53 (S.D.N.Y.), order amended on denial of reconsideration, 63 F. Supp. 2d 342 (S.D.N.Y. 1999).

Plaintiff inadequately disclosed this claim to the trustee on the schedule listing her assets, and she therefore cannot now proceed with this suit. Tellingly, plaintiff did not list the claim in the obviously appropriate section of her disclosure schedule – ¶ 33 of the schedule, which is titled "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." Examples are provided of the kinds of assets that should be listed there, including, "[a]ccidents, employment disputes, insurance claims, or *rights to sue*." (Emphasis added.) Instead, plaintiff listed her claim against defendant in a catch-all provision found in ¶ 53. Examples of what kinds of assets should be listed there include "season tickets" and "country club membership." Suffice it to say, the claim should have been listed in ¶ 33. The only reasonable inference to be drawn from her choice to do otherwise is that plaintiff (or her attorney) intended to hide the asset.

Moreover, plaintiff misleadingly recorded the claim as having a value of "$0.00." In her opposition brief, plaintiff tries to explain this valuation by noting that at the time she filed for bankruptcy, the claim was only the "potential of a potential." So is every chose in action. Plaintiff or her attorney obviously think the claim has value or she would not have brought this suit.

Both of these conclusions are further compelled by the fact that plaintiff had the same lawyer prepare her Chapter 7 filing and commencing and prosecuting this lawsuit. Plaintiff's lawyer appears before this Court frequently and he is well known as a lawyer knowledgeable in debtors' rights. He clearly understood that the asset purportedly disclosed in the schedules was a "right to sue," and had nothing in common with things like "season tickets" and "country club memberships."

In addition, in this attorney's FDCPA cases, he always demands "statutory damages" – he has done so in each of the 33 cases in which he has appeared before the undersigned since 2012 (and I have little doubt that he has done so in the dozens or hundreds of others he has brought before other judges of this Court). There is of course no difficulty in computing statutory damages and thus no basis to list the value of this asset as "$0.00."

In his report, the trustee certified that he had made a "diligent inquiry into the financial affairs of the debtor(s) and the location of property belonging to the estate, and that there is no property available for distribution . . . ." Without commenting on the adequacy of the trustee's diligence, plaintiff's experienced attorney clearly knows that Chapter 7 trustees often have dozens of cases and attendant schedules to review, even in no-asset cases, and that by mischaracterizing and failing to value the claim, the likelihood was substantial that the trustee would not find it.

Finally, to the extent plaintiff relies on the fact that she did not commence this lawsuit until after her discharge in bankruptcy, it is another example of a disingenuous argument when coming from an experienced debtors' attorney. Plaintiff received the collection letter that forms the basis for this lawsuit nine months before she filed her Chapter 7 petition. She could have

sued on it the letter when she received it.  Indeed, that is why plaintiff does not disclaim her obligation to disclose her claim on her bankruptcy schedules.

Plaintiff cannot file bankruptcy, bury her FDCPA claim in her asset schedule, obtain her discharge, and then bring this suit.  She had an obligation to alert the trustee to the claim so that the trustee could liquidate the claim and distribute any value to creditors.  See Chartschlaa, 538 F.3d at 122.  Having failed to do so, she has no standing to maintain this action.

Defendant's motion to dismiss is granted.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　March 13, 2018